UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Estelle Perry,<br><br>    Plaintiff,<br><br>v.<br><br>Susan Sheffield; Daniel E. Berce;<br>Doug Johnson; Doug McElveen; and<br>Tonya Ambrose,<br><br>    Defendants. | Case No. 2:24-mc-00392-BHH-MGB<br><br><br>**REPORT AND RECOMMENDATION** |

Estelle Perry ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action alleging "dishonor of tribal law" and "breach of treaty." (Dkt. No. 1 at 7 (cleaned up); Dkt. No. 17 at 7.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed.

## BACKGROUND

On May 23, 2024, Plaintiff initiated the instant action by filing an almost entirely blank complaint form, save for the "Statement of Claim" section where she wrote, "Dishonour [sic] Tribal Law." (Dkt. 1 at 7.) The Complaint, which Plaintiff labeled as a "Miscellaneous Filing," was accompanied by a letter stating the following:

> I hereby conduct this miscellaneous filing to put the following information on the record:
>
> Notice of Trustee(s) Acknowledgement of Appointment and Request for a Copy of Governing Trust Instruments, Notice of Description of Indian Equitable Interest, Request for Bill of Particulars, Tribe Land Claim and Constitution, Notice of Quia Timet Cause and Protection of Beneficial Interest in the Estate Trust, Affidavit of Indian Sovereignty and Self Government, Affidavit of Indian Heirship and Beneficiary Designation. I respectfully request that these documents be filed and entered into the official record of the court in the above-captioned case event.

(Dkt. No. 1-1.) Plaintiff attached a series of corresponding exhibits, which are mostly nonsensical, pseudo-legal documents addressed to Susan Sheffield (Chief Financial Officer of GM Financial); Daniel E. Berce (Chief Executive Officer of GM Financial); Doug Johnson (Chief Legal/Financial Officer of GM Financial); Doug McElveen (Chief Executive Officer of McElveen Buick-GMC, Inc.); and Tonya Ambrose (Chief Financial Officer of McElveen Buick-GMC, Inc.) (collectively, "Defendants"). (Dkt. No. 1-2.) Although very difficult to decipher, the documents seem to be an attempt to enforce some sort of "equitable interest" in an "estate trust" involving certain property located at 2135 Dover Street, North Charleston, South Carolina, 29405 that allegedly constitutes tribal land belonging to the "Estelle Perry Tribe" and/or the "Cashbox Trust Tribe." (Dkt. No. 1-2 at 1–2, 10–11, 14–16.)

On May 29, 2024, the undersigned issued an order informing Plaintiff that, notwithstanding the label affixed to her Complaint, her collective filings did not amount to a true, cognizable "miscellaneous" matter appropriate for this Court's consideration.[1] (Dkt. No. 9 at 2.) However, to the extent Plaintiff was attempting to pursue a civil action against Defendants in relation to the property in the "estate trust," the undersigned granted her twenty-one days, plus three days for mail time, to fully complete, sign, and return a "Complaint for a Civil Case" form, which would function as an amended complaint. (*Id.*) The undersigned notified Plaintiff that she would also need to submit a complete Application to Proceed Without Prepayment of Fees ("Form AO 240"), a set of proposed service documents for each defendant named in the pleading, and proper responses to the Court's Local Civil Rule 26.01 Interrogatories as required under General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007). (*Id.* at 2–3.)

---

[1]    *See* United States District Court for the District of South Carolina, Miscellaneous Cases, http://www.scd.uscourts.gov/Filing/misc.asp (last visited August 15, 2024).

On June 18, 2024, Plaintiff filed a motion seeking an extension of time to bring her case into proper form. (Dkt. No. 12.) The undersigned granted Plaintiff's request on June 28, 2024, affording her an additional twenty-one days, plus three days for mail time, to submit the outstanding materials. (Dkt. No. 13.) The undersigned emphasized that if Plaintiff did not comply with the Court's instructions within the time permitted, her case would be subject to summary dismissal for failure to prosecute and to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure. (*Id.*)

On or around July 2, 2024, Plaintiff filed most of the necessary proper form documents (Dkt. Nos. 2-1, 2-3, 3-1, 18), as well as an Amended Complaint (Dkt. No. 17) and a Writ of Replevin (Dkt. No. 15). The Amended Complaint—which is incomplete and missing several pages, including the signature page—lists "Breach of Treaty" and "Trespass on Indian Country" as the bases for the action and appears to reference a new plaintiff, "Chief Israel X for Cashbox Trust Tribal Government on behalf of Estelle Perry Tribe ex rel the Secretary of the Department of the Interior and the Bureau of Indian Affairs." (*See* Dkt. No. 17 at 1, 7.) The Writ of Replevin directs the United States Marshals Service to "deliver" the property located at 2135 Dover Street to "Chief Israel X." (Dkt. No. 15.) Because "Chief Israel X" did not personally sign any of these new filings or submit his or her own Application to Proceed Without Prepayment of Fees, the undersigned continues to construe this action as being brought by Plaintiff Estelle Perry only.

## **LEGAL STANDARD**

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses, the court must dismiss any complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon

which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Thus, a claim based on a "meritless legal theory" or "baseless" factual contentions may be dismissed *sua sponte* at any time under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure. In order to satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set

4

forth a cognizable claim in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for all civil actions). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1276, 1278 (4th Cir. 1985) (noting that district judges "cannot be expected to construct full blown claims" on behalf of *pro se* litigants).

## DISCUSSION

Despite the undersigned's warnings (Dkt. Nos. 9, 13), Plaintiff has failed to submit a properly completed complaint form with her original signature pursuant to General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007) (requiring "a pleading with the plaintiff's original signature" in civil action filed by a *pro se* litigant). *See also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. . . ."). The undersigned therefore finds that this action is subject to summary dismissal under Rule 41(b), Fed. R. Civ. P., for failure to comply with an order of this Court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). Any further opportunities to amend the pleadings would be futile, however, as the Court cannot entertain Plaintiff's claims in the first instance.

"Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obligated to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Bell v. Bank of Am., N.A.,* No. 1:13-cv-478-RDB, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) (internal quotation marks and citations omitted). Nor is the court "required to scour through [a]

5

[p]laintiff's attachments in an attempt to cobble together the facts" of the pleading or "discern the unexpressed intent of the plaintiff." *Campbell v. StoneMor Partners, LP*, No. 3:17-cv-407, 2018 WL 3451390, at *2, 4 (E.D. Va. July 17, 2018), *aff'd*, 752 F. App'x 166 (4th Cir. 2019); *see also Beaudett*, 775 F.2d at 1278 (explaining that federal courts are not required to serve as "mind readers" or advocates for *pro se* litigants when construing *pro se* pleadings). When a pleading is "so incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or gibberish, that it is unclear what is to be made of them," summary dismissal is appropriate. *Witherspoon v. Berry*, No. 9:13-cv-2942-MGL, 2015 WL 1790222, at *3 (D.S.C. Apr. 15, 2015).

Given the extremely bare nature of Plaintiff's pleadings and the confused, nonsensical exhibits upon which those pleadings rest, it is almost impossible to discern an actionable claim from the initial filings here. To that end, Plaintiff's case is likely subject to summary dismissal for frivolousness and failure to state a claim upon which relief may be granted. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (noting that federal courts lack the power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"); *see also Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining that to survive initial review, a *pro se* plaintiff "must meet certain minimum standards of rationality and specificity" in filing a complaint). Nevertheless, to the extent Plaintiff is in fact attempting to assert some sort of ownership over the property in the "estate trust" as suggested above, the undersigned finds that the Court would lack subject matter jurisdiction over such claims in any event.

Federal courts are courts of limited jurisdiction, meaning they possess only that power authorized by Article III of the United States Constitution and affirmatively granted by federal statute. *Willy v. Coastal Corp.,* 503 U.S. 131, 136–37 (1992). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the

6

action if no such ground appear." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his or her pleadings. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). Rule 8(a)(1) of the Federal Rules of Civil Procedure therefore requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction. . . ." There are two primary bases for exercising original federal jurisdiction: (1) "federal question," under 28 U.S.C. § 1331; and (2) "diversity of citizenship," under 28 U.S.C. § 1332.

Interestingly, Plaintiff's Amended Complaint and Writ of Replevin attempt to invoke both jurisdictional bases. (Dkt. No. 17 at 7; Dkt. No. 15.) However, federal question jurisdiction applies only when a cause of action "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, which is not the case here. *See Burgess v. Charlottesville Savings and Loan Assoc.*, 477 F.2d 40, 43 (4th Cir. 1973) ("[T]he complaint must . . . contain allegations affirmatively and distinctly establishing federal grounds not in mere form, but in substance and not in mere assertion, but in essence and effect.") (internal quotation marks and citations omitted); *see also Brantley v. Nationstar Mortg. LLC*, No. 9:19-cv-490-BHH-BM, 2019 WL 8918793, at *3 (D.S.C. Oct. 8, 2019) (explaining that § 1331 requires "more than a simple allegation that jurisdiction exists or citation to a federal statute, and a mere allegation that a federal statute has been violated is not sufficient to invoke federal jurisdiction") (internal citations omitted), *adopted*, 2020 WL 1181309 (D.S.C. Mar. 11, 2020). Rather, the only potential claim appears to be some sort of dispute surrounding the property of the "estate trust," which would fall under the purview of

state law and therefore require diversity jurisdiction.[2] *See Ragland v. Gregory*, No. 5:22-cv-443-BO-RJ, 2023 WL 3431231, at *1 (E.D.N.C. May 11, 2023) ("Property disputes are matters of state law."), *aff'd*, No. 23-1561, 2023 WL 5625128 (4th Cir. Aug. 31, 2023); *Glenn v. Stowe*, No. 3:13-cv-2927-CMC-SVH, 2014 WL 37230, at *3 (D.S.C. Jan. 6, 2014) (noting that disputes involving "stolen property" and "ownership" of property are "matters of state law to be heard in the state courts, unless diversity of citizenship is present").

The diversity statute provides that the plaintiff must demonstrate complete diversity of parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a). Complete diversity of parties means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 (1978); *see also Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (noting that diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant"). Because Plaintiff, Defendant McElveen, and Defendant Ambrose appear to be citizens of South Carolina for purposes of § 1332 (Dkt. No. 1-2 at 10–11; Dkt. No. 17 at 1–12; Dkt. No. 18 at 3, 7, 11), complete diversity of parties does not exist in this case.[3] Accordingly, the Court cannot exercise diversity

---

[2] Although not expressed in the Amended Complaint, it is worth noting that to the extent Plaintiff is attempting to invoke some sort of claim pursuant to the Indian Reorganization Act, 25 U.S.C. § 5101 et seq., the Indian Civil Rights Act, 25 U.S.C. § 1301 et seq., or any other Federal Indian law in relation to the Estelle Perry Tribe's and/or Cashbox Trust Tribe's purported ownership over the property here, neither of these groups constitute a recognized "Indian Entity" by the Bureau of Indian Affairs as of January 8, 2024. *See* Federal Register, https://www.federalregister.gov/documents/2024/01/08/2024-00109/indian-entities-recognized-by-and-eligible-to-receive-services-from-the-united-states-bureau-of (last visited Aug. 16, 2024); *see also Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government web sites). Federal courts have generally refused to allow non-attorneys, like Plaintiff, to represent Indian tribes that are not federally recognized. *See Ba-Pakal Luma Nation v. North Carolina*, No. 1:22-cv-390, 2022 WL 17832169, at *1–2 (M.D.N.C. Sept. 22, 2022), *adopted sub nom. Ba-Pakal Luma Nation on behalf of Gibson v. Stroud*, 2023 WL 3073732 (M.D.N.C. Jan. 27, 2023). Consequently, the Court could not consider any such claims.

[3] The undersigned also notes that "Indian tribes are not citizens of any state for purposes of the diversity statute and therefore may not sue . . . in federal court under § 1332." *Wells Fargo Bank, Nat. Ass'n v. Lake of the Torches Econ. Dev. Corp.*, 658 F.3d 684, 692 (7th Cir. 2011).

jurisdiction over Plaintiff's potential state law claims and this action is therefore subject to summary dismissal for lack of subject matter jurisdiction.[4]

## CONCLUSION

For the reasons discussed above, the undersigned finds that Plaintiff's action is subject to summary dismissal for failure to comply with an order of this Court pursuant to Rule 41 of the Federal Rules of Civil Procedure. Nevertheless, the undersigned is of the opinion that providing Plaintiff with any additional opportunities to bring this case into proper form would be futile, as this Court likely lacks subject matter jurisdiction over the pleadings in the first instance. The undersigned therefore **RECOMMENDS** that this action be **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

August 19, 2024
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

---

[4] Under 28 U.S.C. § 1367(a), district courts may also exercise "supplemental jurisdiction" over state law claims that are so related to any federal law claims in the action "that they form part of the same case or controversy under Article III of the United States Constitution." *See also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (explaining that district courts may exercise supplemental jurisdiction over additional state claims if they arise out of "a common nucleus of operative fact" such that the plaintiff would ordinarily be expected to try the claims in one judicial proceeding). However, "[i]n absence of any plausible federal question claim, there is no basis for the exercise of supplemental jurisdiction." *Garrett v. Aube*, No. 8:18-cv-1449-MGL-JDA, 2018 WL 3628848, at *2 (D.S.C. May 31, 2018), *adopted*, 2018 WL 3619823 (D.S.C. July 30, 2018). Such is the case here.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).